**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 24, 2015

LETTER TO COUNSEL

RE: *Michael Owens v. Commissioner, Social Security Administration*;
Civil No. SAG-14-3692

Dear Counsel:

On November 25, 2014, Plaintiff Michael Owens petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Owens filed a claim for Supplemental Security Income ("SSI") on August 31, 2010. (Tr. 63). He alleged a disability onset date of August 19, 2010. (Tr. 64). His claim was denied initially and on reconsideration. (Tr. 69, 78). A hearing was held on June 12, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 22-62). Following the hearing, the ALJ determined that Mr. Owens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-20). The Appeals Council denied Mr. Owens's request for review, (Tr. 6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Owens suffered from the severe impairments of mild degenerative disc disease of the lumbar spine, benign prostate hypertrophy (BPH)/prostatitis, bipolar disorder, anxiety disorder, and poly substance abuse in reported remission on methadone maintenance. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Owens retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can frequently climb ramps or stairs (never ladders, ropes or scaffolds), balance, stoop, kneel, crouch and crawl. He can carry out simple tasks in 2-hour increments (which can be accommodated by regularly scheduled breaks). He can have occasional interaction with coworkers and supervisors but only superficial contact with the general public and adapt to changes in a routine work setting.

*Michael Owens v. Commissioner, Social Security Administration*
Civil No. SAG-14-3692
August 24, 2015
Page 2

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Owens could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 18-19).

Mr. Owens raises four primary arguments on appeal: (1) that the ALJ's decision is not based on substantial evidence, (2) that the ALJ's physical and mental RFC assessments were not based on substantial evidence, (3) that the ALJ's hypothetical to the VE was inadequate, and (4) that the ALJ's credibility finding was inadequate and did not comply with SSR 96-7p. While I find that Mr. Owen's first argument necessitates remand, his remaining arguments lack merit as discussed further below.

First, Mr. Owens argues that the ALJ's decision is not based on substantial evidence. Pl. Mem. 22-25. Specifically, Mr. Owens contends that the ALJ failed to weigh and evaluate the opinions of the claimant's treating psychologist, Dr. Eisenberg. Dr. Eisenberg did not provide his own opinions of the claimant's impairments and resulting limitations, but instead, endorsed the opinions of licensed professional counselor, Catherine McCubbin. Ms. McCubbin provided opinions of the claimant's limitations on February 4, 2013, and June 5, 2013. (Tr. 472, 496). Dr. Eisenberg signed each of Ms. McCubbin's opinions on the same date, respectively. *Id*. The Commissioner contends that the failure to recognize Dr. Eisenberg's endorsement of the opinions was essentially harmless error because the ALJ discounted the opinion not only because it was not from an acceptable medical source, but also because it was inconsistent with the medical evidence of record. Def. Mem. 19-20. Thus, the Commissioner's argument relies on a finding that the ALJ otherwise adequately demonstrated the inconsistency of Ms. McCubbin's opinions with the evidence of record, and provided substantial evidence in doing so.

I find that the ALJ's failure to weigh Dr. Eisenberg's endorsements of Ms. McCubbin's opinions was not harmless error, because the ALJ's finding that her opinions were inconsistent with the record was not supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig*, 76 F.3d at 589 (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citation omitted)). When the record contains conflicting evidence that "allows reasonable minds to differ as to whether a claimant is disabled," it is the ALJ's duty to resolve these conflicts. *Id*. (citing *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987)); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Likewise, it is not the role of the Court to re-weigh evidence, make credibility determinations, or substitute its judgment for that of the Commissioner, but the Court must determine whether the ALJ's conclusions are supported by substantial evidence. *Craig*, 76 F.3d at 589.

A review of the record shows that the ALJ largely failed to reconcile conflicting pieces of evidence or to provide reasons for favoring one piece of evidence over another. Ms. McCubbin found that Mr. Owens had "substantial loss of ability to carry out multiple instructions, respond appropriately to supervision, coworkers and usual work situations, or deal with changes in a routine work setting." (Tr. 17). She also opined that Mr. Owens had marked limitations in maintaining social functioning; maintaining concentration, persistence, or pace; and had repeated

*Michael Owens v. Commissioner, Social Security Administration*
Civil No. SAG-14-3692
August 24, 2015
Page 3

episodes of decompensation, each of extended duration. This was consistent with statements provided by Mr. Owens and his younger brother. (Tr. 16). Even so, the ALJ found that Ms. McCubbin's opinion was "not supported by the record evidence as a whole as discussed herein." (Tr. 17). Elsewhere in the decision, the ALJ cited mental health treatment records between September 2012 and April 2013, and stated that Mr. Owens was sometimes anxious and depressed but generally showed cooperative behavior, no hallucinations, goal-oriented thought process, and fair insight and judgment. (Tr. 16). In her "paragraph B" findings, the ALJ stated that the record showed no evidence of significant limitation in Mr. Owens's ability to "carry out very short and simple instructions, perform activities within a schedule, maintain attention and concentration for extended periods, or sustain an ordinary routine without special supervision." The ALJ did not cite to any specific evidence in making this statement. (Tr. 14). Furthermore, the ALJ did not reconcile these findings with the statements of Mr. Owens or his brother or the findings of Ms. McCubbin, and she did not provide reasons for apparently discrediting their statements. Accordingly, the ALJ failed to resolve conflicts in the evidence and failed to provide substantial evidence to discredit Ms. McCubbin's opinions, even absent the failure to acknowledge Dr. Eisenberg's endorsement of the opinions.

Like Ms. McCubbin's opinions, the ALJ referred vaguely to evidence discussed elsewhere in the decision when weighing Dr. Agajelu's opinion. Similarly, when discussing Dr. Guzman's opinion, she stated, "I give Dr. Guzman's findings little weight because, as discussed above, the claimant is able to perform his activities of daily living independently and without much difficulty." (Tr. 18). Thus, the ALJ declined to explain each opinion's inconsistency with the remainder of the record, and left the Court to identify the inconsistencies for itself. The Commissioner contends that the evidence "discussed herein" includes discussion of an MRI noting only mild degenerative disc disease, the lack of records suggesting that the claimant needed spinal surgery, discussion of modest treatment history, Mr. Owens's failure to attend multiple scheduled consultative examinations, the claimant's testimony that he was lifting 30 pounds in 2010 with no evidence of significant deterioration since that time, and the fact that the clinical signs and treatment regimen documented in the evidence did not suggest greater limitations than those in the RFC assessment. Def. Mem. 14-15.

The Commissioner's discussion of the evidence is far more complete than that offered by the ALJ. Specifically, in discussing the mild nature of Mr. Owens's degenerative disc disease, the ALJ adopted a finding by the State agency medical examiner that Mr. Owens had only received conservative treatment for the condition, which was inconsistent with Ms. Owens's "extreme reporting." (Tr. 17). The ALJ did not specify the type of treatment Mr. Owens received, nor elaborate on how it was damaging to his allegations of pain. Notably, the ALJ only cited to the State agency medical opinion, and to no other exhibits, in making this finding. *Id*. The ALJ also stated that the medical record did not reflect a treatment regimen for degenerative disc disease inconsistent with the limitations presented in the claimant's RFC assessment. Again, the ALJ did not describe the treatment regimen to which she referred at that time, or elsewhere in the decision, except to say that there was no evidence that Mr. Owens's condition required surgery. There was also no citation to other evidence to support this statement. *Id*. Likewise, in weighing Dr. Guzman's opinion, the ALJ indicated that the opinion

was given little weight, in part, because Mr. Owens was able to perform activities of daily living independently and without much difficulty. The ALJ did not cite any evidence in making this point, and her earlier discussions of the claimant's activities of daily living only included statements by the claimant and his younger brother, both of whom indicated that he had significant limitations. (Tr. 16, 18).

While it is true than an ALJ need only review medical evidence once in her decision, that review must nevertheless provide the substantial evidence necessary to support her decision. *McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002). Here, the ALJ's review falls short of that standard. Accordingly, remand is appropriate for further discussion of the medical and opinion evidence, and whether they are consistent with one another, and to allow the ALJ to assign weight to Dr. Eisenberg's endorsement of Ms. McCubbin's opinions. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Owens was not entitled to benefits was correct or incorrect.

I also note that Mr. Owens argues that the ALJ failed to base her decision on substantial evidence by failing to "mention evaluate, or weigh" several exhibits and because she did not reference portions of records from Mr. Owens's treating physician, Dr. Agajelu. Pl. Mem. 22, 24. As the Fourth Circuit explained, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Thus, the lack of citation to each exhibit alone does not necessitate remand.

I find that the remainder of Mr. Owens's arguments do not warrant remand. Mr. Owens's second argument regarding the ALJ's physical and mental RFC assessments is twofold—that the ALJ did not conduct a complete function-by-function analysis of Mr. Owens's physical RFC and that his mental RFC did not comply with SSR 96-8p. Regarding his physical RFC, Mr. Owens contends that the RFC assessment is inadequate because it does not contain explicit statements of how long he can sit, stand, lift, or carry, either frequently or occasionally. Pl. Mem. 25. As the Commissioner notes, however, the ALJ's finding that Mr. Owens was limited to a light range of work includes findings of his ability to perform these functions. Def. Mem. 22. Specifically, the light range of work involves lifting or carrying no more than 20 pounds occasionally and ten pounds frequently. Jobs in the light category may also involve a good deal of walking or standing, or when they involve sitting most of the time, may require some pushing or pulling of arm or leg controls. 20 C.F.R. § 416.967. Thus, the ALJ's finding of Mr. Owens's ability to sit, stand, lift, or carry, is implicit in her finding that he is restricted to the light range of work.

Regarding his mental RFC, Mr. Owens argues that the ALJ did not address whether he has limitations in his ability to understand, carry out, and remember instructions or his ability to use judgment in making work-related decisions. Pl. Mem. 27. With respect to mental limitations, the RFC provided by the ALJ stated that the claimant was able to "carry out simple tasks in 2-hour increments (which can be accommodated by regularly scheduled breaks). He can have occasional interaction with co-workers and supervisors but only superficial contact with the general public and adapt to changes in a routine work setting." (Tr. 15). I find that this

constitutes adequate findings of Mr. Owens's mental abilities. In addition, I find that the inclusion of these limitations adequately distinguishes this case from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), because Mr. Owens's moderate difficulties in concentration, persistence, or pace were specifically addressed by the finding that he is able to perform simple tasks in two hour increments. (Tr. 15). Thus, the hypothetical was not wanting for limitations to address Mr. Owens's ability to maintain focus or stay on task.

Mr. Owens also argues that the hypothetical posed to the VE at the hearing was inadequate based on discrepancies with the RFC assessment that appeared in the ALJ's decision. Specifically, Mr. Owens contests the inclusion of the phrase "which can be accommodated by regularly scheduled breaks" regarding his need to work in two hour increments. This phrase was not included in the hypothetical to the VE, but appeared in the ALJ's decision. (Tr. 15, 59). I find no issue with the inclusion of this phrase in Mr. Owens's RFC assessment, as a standard eight-hour work day with a morning break, lunch period, and afternoon break can accommodate Mr. Owens's need to work in two-hour increments. *See* SSR 96-9p. Likewise, I find no material difference between the hypothetical, stating that the individual could adapt to "simple changes in a routine work setting," versus the RFC assessment stating that Mr. Owens could adapt to "changes in a routine work setting." (Tr. 15, 59). If anything, the hypothetical was more restrictive, rendering any error harmless.

Finally, Mr. Owens argues that the ALJ's credibility finding is inadequate. He contends that the ALJ failed to address his complaints of pain, specifically with respect to neck pain that radiated down his arm. Pl. Mem. 34-35. In evaluating a claimant's allegations of pain or other symptoms, the ALJ must first determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. The ALJ then evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. § 416.929. It appears that the ALJ did not include Mr. Owens's neck pain in a discussion of his credibility because there is no evidence that Mr. Owens has any medically-determinable neck impairment. As previously noted, however, the ALJ did not adequately address the credibility of Mr. Owens's younger brother. On remand, the ALJ should provide a more thorough discussion of the brother's statements and any weight afforded to them.

For the reasons set forth herein, Mr. Owens's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Michael Owens v. Commissioner, Social Security Administration*
Civil No. SAG-14-3692
August 24, 2015
Page 6

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge